## BENSON HOTEL CORPORATION v. WOODS.

### No. 13704.

Circuit Court of Appeals, Eighth Circuit.
June 11, 1948.

---

9 329 U.S. 1, 67 S.Ct. 6, 91 L.Ed. 3.

Rolf Ueland, of Minneapolis, Minn. (Marcus G. Sundheim, of Minneapolis, Minn., on the brief), for appellant.

Cecil H. Lichliter, Special Litigation Attorney, Office of the Housing Expediter, of Washington, D. C. (Ed Dupree, General Counsel and Hugo V. Prucha, Asst. General Counsel, both of Washington, D. C., on the brief), for appellee.

Before GARDNER, WOODROUGH and COLLET, Circuit Judges.

GARDNER, Circuit Judge.

This appeal is from an interlocutory judgment for a preliminary injunction enjoining appellant from collecting rents from tenants at Hotel Leamington. We shall refer to the parties as they were designated in the trial court.

The Acting Housing Expediter as plaintiff brought this action under the Housing and Rent Act of 1947, 50 U.S.C.A.Appendix, § 1881 et seq., to enjoin defendant from charging over-ceiling rents for the use and occupancy of certain housing accommodation units at Hotel Leamington, from removing or evicting, or attempting to remove or evict any tenant of such rooms or housing accommodation units because of refusal to pay as rent any amount in excess of the maximum legal rent established, and to compel refunds to tenants of any over-ceiling rents already collected. Defendant in its answer counterclaimed, asking an injunction restraining plaintiff from interfering in any manner with its collection of rents from its tenants. Each of the parties interposed a motion for a preliminary injunction. These motions were heard together and resulted in an interlocutory judgment which granted plaintiff's motion and denied that of defendant. At the hearing there was no oral testimony, but the facts were presented in the form of the verified complaint of the plaintiff, the verified answer of the defendant, insofar as the allegations of these pleadings were not denied, upon affidavits accompanying the motion papers, and a stipulation of facts.

Hotel Leamington is a ten-story building, occupying an entire city block of frontage near the middle of the business district of Minneapolis, Minnesota. It is operated for both transient and permanent guests, and on June 30, 1947, it contained 338 units of which 123 were transient and 215 were permanent. It was conceded that the transient units were all decontrolled by O.P.A. Regulation of February, 1947, and of the 215 permanent units 25 were concededly decontrolled, leaving 190 permanent units involved. The plaintiff contends that these provided less than the required services to entitle them to qualify as decontrolled. Each of these 190 units consisted of one or more rooms and in addition a kitchen and bath. They are all occupied by permanent or resident guests, as distinguished from transient guests. Of the services specified

in the Act all units had bellboy service, telephone and secretarial or desk service; 66 had complete furniture service; 115 had partial furniture service; 31 had furnishing and laundering of linen; 7 had maid service. Each of these services, though not used by a particular tenant was available to him. In addition to these services there were available to all the tenants the customary hotel services, such as elevator service, baggage check room service, dining room service, meal service in rooms, cleaning and window washing service, taxi calling service, and maintenance of public parlors and washrooms. For the additional services and for the partial furniture service there was no charge other than the basis rental charge for the unit but extra charges were added for regular furniture service, linen service and maid service.

It was the contention of defendant, among other things, (1) that Section 202(c) of the Act was self-executing and the Housing Expediter had no right to promulgate regulations requiring any action by him before an establishment is decontrolled; (2) that the regulations as applied by the Housing Expediter were not consistent with the Act and hence invalid; (3) that the tenants of all the units were "provided" within the meaning of this term as used in both the Act and Regulation, with all services which were required for decontrol.

Under the Decontrol Act units in a hotel such as Hotel Leamington were not to be controlled if "occupied by persons who are provided customarily with hotel services such as" certain specified services, namely, "maid service, furnishing and laundering of linen, telephone and secretarial or desk service, use and upkeep of furniture and fixtures, and bellboy service." The original Regulation, issued to take effect July 1, 1947, undertook to define controlled housing accommodations and in doing so followed the above quoted language of the Act, but by amendment issued August 8, 1947, it changed the words "such as" to "including", and it was accordingly held that all of the services were required to be provided. It was contended by defendant that Section 202(c) of the Act did not apply to the units here in controversy because as

here used the word "provide" meant to make available.

The trial court in granting the temporary injunction held adversely to these contentions of the defendant.

On this appeal it is contended that, (1) the Act itself decontrolled the units; (2) the Regulation was invalid because inconsistent with and not authorized by the Act; (3) the interpretations and order by the office of the Housing Expediter were not valid because arbitrary and inconsistent with both the Act and the Regulation; (4) that since the granting of the injunction pendente lite in this case, both the Act and the Regulation promulgated thereunder have been amended in such manner as to indicate clearly what the law was at the time of the granting of the injunction, and that these amendments indicate that it is not necessary for decontrol of hotel units that all of the specified services be provided, and that services are provided if they are available.

In our view of the issues it is not necessary to go into further detail in stating the facts nor the specific questions presented to and considered by the trial court. As has been observed this is an appeal from an interlocutory judgment granting a preliminary injunction. Such an injunction is preliminary to a hearing on the merits. The application for such an injunction does not involve a final determination on the merits; in fact, the purpose of an injunction pendente lite is not to determine any controverted right, but to prevent a threatened wrong or any further perpetration of injury, or the doing of any act pending the final determination of the action whereby rights may be threatened or endangered, and to maintain things in the condition in which they are in at the time and thus to protect property or rights from further complication or injury until the issues can be determined after a full hearing. An application for a temporary injunction is addressed to the discretion of the trial court and not to the discretion of the appellate court, and ordinarily the appellate court on appeal from such an order will not consider the merits of the case further than is necessary to determine whether the trial court exceeded its discretion in making the

.order. Allen v. Omaha Livestock Comm., 8 Cir., 275 F. 1; Love v. Atchison, T. & S. F. Ry. Co., 8 Cir., 185 F. 321; American Grain Separator Co. v. Twin City Separator Co., 8 Cir., 202 F. 202; Prendergast v. New York Tel. Co., 262 U.S. 43, 43 S.Ct. 466, 67 L.Ed. 853; Pratt v. Stout, 8 Cir., 85 F.2d 172. Such a temporary injunction should usually be granted where the questions presented are grave and injury to the moving party will result if it is denied and the final determination should be in his favor, while if it is granted and the decision is unfavorable the inconvenience and loss to the opposing party will be inconsiderable. Ordinarily, the court in its discretion may grant a preliminary injunction where it appears that there is a substantial controversy between the parties and that one of them is committing an act or threatening the immediate commission of an act that will cause irreparable injury or destroy the status quo of the controversy before a full hearing can be had on the merits of the case, and generally such an injunction will be granted whenever necessary to the orderly administration of justice. Magruder v. Belle Fourche Valley Water Users' Ass'n, 8 Cir., 219 F. 72; City of Council Bluffs v. Omaha & C. B. St. Ry. Co., 8 Cir., 9 F.2d 246; Pratt v. Stout, supra; Love v. Atchison, T. & S. F. Ry. Co., supra.

In City of Council Bluffs v. Omaha & C. B. St. Ry. Co., supra, there was an appeal from a decree for an interlocutory injunction. In the course of the opinion it is said [8 Cir., 9 F.2d 249]:

"We recognize the established rule that, under an appeal from a decree for a preliminary injunction, the appellate court ought not to determine crucial questions conditioning the merits of the case: (1) Because their adjudication of such questions ought not to be made until after the parties have had an opportunity to present their evidence and their arguments upon the entire proof; (2) because such an adjudication would not estop any of the parties in the subsequent trial of the issues of the case or otherwise; and (3) because such a decision would in many cases be made on a different state of facts and upon different arguments from those presented at the final hearing, and we neither decide nor intimate our opinion upon those questions."

In Pratt v. Stout, supra, there was an appeal from a temporary injunctional order. After pointing out that the granting of a temporary injunction rests in the sound discretion of the trial court to which the application is made, and that such an order should not be reversed by the appellate court without clear proof of an abuse of discretion, even though the appellate court under the same circumstances might have made a different order, it is said [8 Cir., 85 F.2d 177]:

"Ordinarily an appellate court, upon an appeal from an order granting or denying a temporary injunction, will not go into the merits of the case further than is necessary to determine whether the trial court exceeded a reasonable discretion in making the order, and this is especially true where the rights of the parties can only or can better be determined upon full proof of the facts."

It must be borne in mind that the parties did not submit the case to the trial court on its merits. It can not be gainsaid that the questions of law and fact to be ultimately determined in the action are grave and difficult. The decision of the trial court on granting the motion for preliminary injunction will not estop either of the parties on the trial of the case on its merits, nor would any determination of those questions by this court on appeal be binding on the trial court nor upon either of the parties in considering and determining the merits of the controversy. Omaha v. Council Bluffs & C. B. Street Ry. Co., supra; Walker Memorial Baptist Church v. Saunders, 285 N.Y. 462, 35 N.E.2d 42. Even though we should assume that the appellant's contentions are correct, a question upon which we express no opinion, it would not follow that the court abused its discretion in granting the preliminary injunction appealed from. There is sound reason for the rule that the decision of either the trial or appellate court in granting or denying the temporary injunction does not constitute the law of the case and will not estop the parties nor the court as to the merits of the case. As said in Walker Memorial Baptist Church v. Saunders, supra [285 N. Y. 35 N.E.2d 47],

"The plaintiff urges upon this appeal that the law of the case was conclusively determined by the order of the Appellate Division affirming the granting of the temporary injunction since that order, it is argued, constitutes an adjudication that the complaint sets forth a good cause of action. A complete answer to this contention is that the granting of a temporary injunction serves only to hold the matter in statu quo until opportunity is afforded to decide upon the merits. The granting or refusal of a temporary injunction does not constitute the law of the case or an adjudication on the merits, and the issues must be tried to the same extent as though no temporary injunction had been applied for."

An injunction is a preventive remedy and can not be invoked for the purpose of punishment for wrongful acts already committed. Hygrade Food Products Corp. v. United States, 8 Cir., 160 F.2d 816. When the case is tried on its merits it must be determined in accordance with the law and regulations then in effect. It is argued by appellant that both the Act and the Regulations have been amended and that as so amended the plaintiff is not entitled to a permanent injunction. If appellant is correct in this contention he will not be precluded from so contending by reason of the decision of the trial court in granting the temporary injunction, nor by our decision in affirming such action. The order appealed from is therefore affirmed.