MISSOURI–KANSAS–TEXAS R. CO. et al.
v. RANDOLPH et al.

WOOD et al. v. RANDOLPH et al.

Nos. 14083, 14084.

United States Court of Appeals
Eighth Circuit.

June 23, 1950.

As Corrected on Denial of Rehearing
July 24, 1950.

M. E. Clinton, Dallas, Tex. (Wayne R. Howell, Carl S. Hoffman, St. Louis, Mo., G. H. Penland, M. E. Clinton, Dallas, Tex., Ellison A. Neel, Frank J. Rogers, Kansas City, Mo., on the brief), for appellants Missouri-Kansas-Texas R. Co. et al.

John Murphy, Kansas City, Mo. (J. Gordon Siddens and Tucker, Murphy, Wilson & Siddens, Kansas City, Mo., on the brief), for appellants R. D. Wood, et al.

Clif. Langsdale, Kansas City, Mo., for appellees.

Before GARDNER, Chief Judge, and THOMAS and COLLET, Circuit Judges.

GARDNER, Chief Judge.

These appeals are before us on a single record and are taken from an order which (1) denied motions to vacate an order granting plaintiffs leave to file supplemental and dependent bill of complaint, (2) denied motions to dissolve the temporary restraining order, and (3) denied a motion to increase the amount of bond for the temporary restraining order. The case is before us for the second time although it has not been heard on the merits, 164 F.2d 4.

The temporary restraining order which the court declined to vacate was entered September 29, 1948, following the filing of a supplemental bill of complaint. The court found that if the allegations of this supplemental bill of complaint were true plaintiffs were entitled to the relief therein prayed, and that unless a temporary restraining order issue substantial and irreparable injury would result to plaintiffs and that "the Court doth find upon said verified complaint, affidavits in support thereof, and testimony under oath that plaintiffs are entitled to a temporary restraining order without notice." The order enjoined the above named Railroad Companies from violating the terms of contract pleaded in the complaint and supplemental complaint and of the agreed custom in the original complaint described and enjoined them from disturbing the status of plaintiffs and from taking from them the performance of duties performed by the train porters as described in the complaint, and from complying with the demands of the Brotherhood of Railroad Trainmen as alleged. The order also enjoined the Brotherhood of Railroad Trainmen from seeking to enforce their demands that the Railroad Companies take from the train porters certain duties which under their contract they claim the right to perform and from interfering with the contractual relations between the train porters and the carriers by strikes or strike votes or threats to take strike votes or to strike for the purpose of enforcing such demand. The order provided that it should remain in effect until a hearing could be conducted on the question of the issuance of temporary injunction. The order stood without attack until the defendants filed the motions here under consideration.

The first appeal was from an interlocutory order of temporary injunction. We remanded the case with directions to dissolve the temporary injunction and for further proceedings in accordance with our opinion. On that appeal it was contended by appellants trainmen that the record disclosed that the controversy presented was a jurisdictional labor dispute within the purview of the Railway Labor Act, 45 U.S.C.A. § 151 et seq., and that the lower court should not have undertaken to interpret the agreement of the plaintiffs or the trainmen with the Railroads by injunctional orders or decrees and that the trial court should have stayed exercise of its power to issue injunctional orders and should have relegated the parties to the tribunals specifically provided by Congress for mediation for determining the interpretation and application of collective bargaining contracts. We sustained this contention and in the course of the opinion, referring to this issue, we among other things said, "The conflicting demands upon the railroads constitute and formulate the labor dispute which the Acts intend shall be settled where possible through the administrative procedure without the issuance of injunction (at least in the first instance) against either of the parties involved."

We also said, "The railroad industry is not static and the machinery for reconciliation of differences among those who carry it on is adapted to meet the problems as

they arise from day to day in localities, on different roads and under varying conditions. But in the first instance the courts may not fix and preserve a set status by enjoining the railroads from making a change in their contracts with the porters and the trainmen from resorting to the administrative processes Congress has provided to meet such situations and prevent interruption of commerce."

Pursuant to the opinion and mandate of this court the porters sought to invoke the jurisdiction and services of the National Mediation Board. That Board notified the trainmen, the railroads and the porters of the filing of the porters' application for mediation and asked each party to furnish the Board such statements as the parties cared to present. The Board appointed a mediator who notified all parties of a meeting to be held and all parties attended that meeting. The trainmen, however, announced that they would take no part in the mediation proceedings except as observers although they had contended in this court on the first appeal that the court "should have stayed exercise of its power to issue injunctional orders and should have relegated the parties to the tribunals specifically provided by Congress in the Railway Labor Act for mediation." The Railroad Companies filed a motion to dismiss the proceeding initiated before the National Mediation Board on the ground that the Board did not have jurisdiction of the controversy. Because the trainmen refused to participate in the proceeding or to agree to arbitration the proceeding before the Board failed and the Board found as follows: "It is the judgment of our Board that all practical methods provided by the Railway Labor Act for our adjusting the disputes have been exhausted without effecting a settlement."

Following the Board's announcement the porters filed by leave of court their supplemental and dependent bill of complaint, alleging that they had invoked the services of the National Mediation Board and in this supplemental and dependent bill they among other things alleged that, "Prior to the said hearing before the Board in Dallas, Texas, the Trainmen informed the Railroad Defendants that the Trainmen would not proceed against the Carriers before the Railway Adjustment Board or any division thereof and would not invoke any procedure or finding by said Adjustment Board; that the Trainmen would not seek or enforce their demands upon the Carriers, that the Carriers cancel their contract and custom with the Porters and take the services in controversy from the Porters and give them to the Trainmen, by any proceeding or remedy afforded by the Railway Labor Act; but threatened that the method that would be employed by the Trainmen to enforce their said demands upon the Carriers would be by taking a strike vote and by striking against the Carrier; that unless such demands made by the Trainmen that the Carriers take the performance of all services in controversy away from the Porters and give such performance exclusively to the Trainmen, the Trainmen would strike and by way of strike would enforce their demands against the Carriers and against the Porters."

As has been observed there were three separate motions filed: (1) to vacate the order granting plaintiffs leave to file their supplemental and dependent bill of complaint; (2) to dissolve the temporary restraining order; and (3) to increase the amount of bond on the temporary restraining order. Each of these motions was denied. In an opinion handed down in connection with the denial of these motions the court, after pointing out that after the opinion of this court resort had been had by the plaintiffs to the agencies of the Railway Labor Act without avail and they again returned to the court proffering a supplemental and dependent bill setting forth their futile efforts to get relief from the administrative agencies, said, "Unless this court now takes jurisdiction of the subject matter, the ancient and revered maxim, 'Ubi jus, ibi remedium (Where there is a right, there is a remedy),' would become meaningless. Unquestionably somewhere these plaintiffs should find a court or a tribunal where the sacred rights of a clear contract could be preserved and maintained for them. Moreover, they should not be buffeted from 'pillar to post' in a vain

search for a tribunal that can vouchsafe to them their rights. Their efforts to find a tribunal to adjudicate their rights should now end, and, in the light of the opinion by the Court of Appeals, supra, this court should again undertake to adjudicate the differences between the parties."

■ Counsel have argued the issue arising on the denial of each of these motions. We think the order granting plaintiffs leave to file their supplemental and dependent bill of complaint was not appealable. In passing it may be noted that such an application is addressed to the judicial discretion of the court. There was alleged in the supplemental complaint matters which had occurred subsequent to the filing of the original complaint. For instance, it was alleged among other things that the trainmen, for the purpose of coercing the Railroad Companies to assign to them certain duties now performed by the train porters, threatened an unlawful coercive strike which if established would tend at least to prove a tort.

■ Appellees challenge the appealability of the order refusing to dissolve the temporary restraining order but we think this restraining order which continued in effect after the motion to dissolve, became a temporary injunction and hence appealable under Section 1292(1), Title 28 U.S.C.A. Western Union Tel. Co. v. United States & Mexican Trust Co., 8 Cir., 221 F. 545; McGonigle v. Foutch, 8 Cir., 51 F.2d 455; Sims v. Greene, 3 Cir., 160 F.2d 512.

■ There remains for consideration only the ruling of the court denying defendants' motion to dissolve the temporary restraining order. A temporary injunction is usually issued to preserve the status quo until a hearing on the merits may be had. It does not involve the merits of the action and an application for a temporary injunction is addressed to the discretion of the trial court and not to the discretion of the appellate court. In Benson Hotel Corporation v. Woods, 8 Cir., 168 F.2d 694, 697, referring to the action of the court in granting a temporary injunction, we among other things said, "Ordinarily, the court in

its discretion may grant a preliminary injunction where it appears that there is a substantial controversy between the parties and that one of them is committing an act or threatening the immediate commission of an act that will cause irreparable injury or destroy the status quo of the controversy before a full hearing can be had on the merits of the case, and generally such an injunction will be granted whenever necessary to the orderly administration of justice. Magruder v. Belle Fourche Valley Water Users' Ass'n, 8 Cir., 219 F. 72; City of Council Bluffs v. Omaha & C. B. St. Ry. Co., 8 Cir., 9 F.2d 246; Pratt v. Stout, supra [8 Cir., 85 F.2d 172]; Love v. Atchison, T. & S. F. Ry. Co., supra [8 Cir., 185 F. 321]."

■ It is well settled that an appellate court will not ordinarily go into the merits of a case on an appeal from an order granting a temporary injunction further than is necessary. On the former appeal in this case we were of the view that the trial court ought not to have exercised its equity jurisdiction until the plaintiffs had exhausted their remedies before the designated administrative boards. Order of Ry. Conductors of America v. Pitney, 326 U.S. 561, 66 S.Ct. 322, 90 L.Ed. 318. It seemed advisable to decide that matter of equity jurisdiction before the case should be tried on its merits. The Supreme Court in Mayo v. Lakeland Highlands Canning Co., 309 U.S. 310, 60 S.Ct. 517, 520, 84 L.Ed. 774, considered an appeal from a preliminary injunction. The trial court had decided the controlling issue in the case; to-wit, whether or not a certain legislative act of the State of Florida was unconstitutional. In the course of the opinion by Mr. Justice Roberts it is among other things said, "We think the court committed serious error in thus dealing with the case upon motion for temporary injunction. The question before it was not whether the act was constitutional or unconstitutional; was not whether the Commission had complied with the requirements of the act, if valid, but was whether the showing made raised serious questions, under the federal Constitution and the state law, and disclosed that enforcement of the act, pending final hear-

ing, would inflict irreparable damages upon the complainants."

The court further said, " * * * The appellees insist that in holding the act unconstitutional the court did so only for the purposes of temporary relief and that its conclusion in this respect can have no effect upon the ultimate decision of the cause upon the merits. Nevertheless, the parties have essayed, in view of the action of the court below, to argue in this court the question of the constitutionality of the statute, whereas, if the court below had confined itself to the issue presented, namely, whether the proofs warranted the entry of an injunction pending a decision of the constitutional and other questions presented, the parties could either have obtained a trial on the merits long before an appeal from the interlocutory order could be heard in this case or, if an appeal from the interlocutory order had been perfected here, would have been restricted in argument to the question whether, upon proper findings and conclusions, the court had abused its discretion in granting or refusing an injunction."

So, in the instant case if, instead of perfecting this second appeal, the parties had tried the case on its merits there might then be presented to this court the issue going to the merits of the action. As said by us in Benson Hotel Corporation v. Woods, supra, "It must be borne in mind that the parties did not submit the case to the trial court on its merits. It cannot be gainsaid that the questions of law and fact to be ultimately determined in the action are grave and difficult. The decision of the trial court on granting the motion for preliminary injunction will not estop either of the parties on the trial of the case on its merits, nor would any determination of those questions by this court on appeal be binding on the trial court nor upon either of the parties in considering and determining the merits of the controversy. Omaha v. Council Bluffs & C. B. Street Ry. Co., supra; Walker Memorial Baptist Church v. Saunders, 285 N.Y. 462, 35 N.E.2d 42. tion upon which we express no opinion, it Even though we should assume that the appellant's contentions are correct, a ques-

would not follow that the court abused its discretion in granting the preliminary injunction appealed from."

 We agree with the trial court that the plaintiffs are entitled to have the issues in this controversy determined on their merits. That cannot properly be accomplished piecemeal and we are not disposed to express any opinion as to the merits of any of the issues sought to be presented. We hold, however, that the trial court did not abuse its discretion in denying the motions to dissolve the temporary restraining order and this appeal can serve no useful purpose. The order appealed from is therefore affirmed.