**UNITED STATES**

v.

**NATIONAL PLASTIKWEAR
FASHIONS, Inc.**

United States District Court
S. D. New York.
June 15, 1954.

Herbert Brownell, Jr., U. S. Atty. Gen., Stanley N. Barnes, Asst. Atty. Gen., J. Edward Lumbard, U. S. Atty. Southern Dist. of New York, New York City, James E. Kilday, Sp. Asst. to Atty. Gen., Albert Parker, Sp. Asst. to Atty. Gen., for the United States.

Warren E. Baker, General Counsel, Richard A. Solomon, Asst. General Counsel, Washington, D. C., Robert D. Greenburg, Counsel, for the Federal Communications Commission.

Morris H. Switzer, New York City, by Archibald Palmer, New York City, of counsel, for defendant.

GODDARD, District Judge.

This is a motion by the government for a preliminary injunction.

The complaint in this suit, filed on April 8, 1954, seeks to enforce, by writ of injunction pursuant to Section 401(b) of the Communications Act of 1934, Title 47 U.S.C.A., a cease and desist order directed to the defendant. This order, issued on January 8, 1954, required defendant to cease and desist from operating industrial heating equipment without the required certification or license, and from causing interference to authorized radio services, all in violation of the Rules of the Federal Communications Commission.

On June 6, 1952, interference with United States Army radio communications in the metropolitan area including New Jersey having been traced to defendant's plant at 700 Broadway, New York City, it was found that defendant was using its equipment in violation of the Commission's Rules. Defendant was advised several times of the violations but failed to correct them.

On July 29, 1953, defendant was directed, pursuant to Section 312(c) of the Communications Act, to show cause why a cease and desist order should not issue. After a full hearing in which defendant participated and was represented by counsel, a Hearing Examiner of the Commission made findings of fact and his decision, released November 2, 1953, proposed the issuance of a cease and desist order. The defendant filed no exceptions and, on January 8, 1954, the Commission, having reviewed the entire record, adopted the initial decision and issued the order. A petition for a stay was denied on January 29, 1954, the Commission finding that the proposed steps to comply with the Rules were vague and indefinite, both as to the steps to be taken and the time when it would be accomplished. On March 15, 1954, the Commission denied a petition for reconsideration, finding that no material progress had been made in the plan to comply and that a stay would be contrary to the public interest.

Although Section 402(b) of the Communications Act provides for an appeal from such orders to the Court of Appeals for the District of Columbia, no appeal was taken.

On March 31, 1954, tests revealed that defendant continued to operate its equipment in violation of the Rules, and the cease and desist order, and that the interference continued in the same in-

tensity and disrupted the normal reception of radio communications. Inspection of defendant's premises on May 3, 1954, by an engineer established that, in his opinion, the work in progress, to effect compliance with the Rules and to avoid interference, was inadequate to do so.

Section 401(b) of the Communications Act provides:

"If any person fails or neglects to obey any order of the Commission other than for the payment of money, while the same is in effect, the Commission or any party injured thereby, or the United States, by its Attorney General, may apply to the appropriate district court of the United States for the enforcement of such order. If, after hearing, that court determines that the order was regularly made and duly served, and that the person is in disobedience of the same, the court shall enforce obedience to such order by a writ of injunction * * *."

The government urges that this continued violation of the order, and the consequent interruption of Army radio communications creates a danger to the national interests and will cause irreparable injury unless this injunction should issue pending the determination of its action pursuant to Section 401(b).

In Benson Hotel Corporation v. Woods, 8 Cir., 1948, 168 F.2d 694, at page 697, the court declared:

"Ordinarily, the court in its discretion may grant a preliminary injunction where it appears that there is a substantial controversy between the parties and that one of them is committing an act or threatening the immediate commission of an act that will cause irreparable injury or destroy the status quo of the controversy before a full hearing can be had on the merits of the case, and generally such an injunction will be granted whenever necessary to the orderly administration of justice."

In Walling v. Brooklyn Braid Company, 2 Cir., 1945, 152 F.2d 938, the trial court had issued an injunction pendente lite, in an action for a permanent injunction against the violation of an order of the Wage and Hour Division of the Department of Labor. On appeal, the Court of Appeals affirmed and declared, 152 F.2d at page 940:

"Good administration of the statute is in the public interest and that will be promoted by taking timely steps when necessary to prevent violations either when they are about to occur or prevent their continuance after they have begun. The trial court is not bound by the strict requirements of traditional equity as developed in private litigation but in deciding whether or not to grant an injunction in this type of case should also consider whether the injunction is reasonably required as an aid in the administration of the statute, to the end that the Congressional purposes underlying its enactment shall not be thwarted."

The defendant now raises certain objections to the order. The purpose of an injunction pendente lite is not to determine any controverted right but to prevent a threatened wrong or any further perpetration of injury. Benson Hotel Corporation v. Woods, supra. A motion for an injunction pendente lite does not involve the merits of the action. Missouri-Kansas-Texas R. Co. v. Randolph, 8 Cir., 1950, 182 F.2d 996, at page 999. Furthermore, since these objections could have been raised in an appeal from the order as provided by the Act, it does not seem that this is the time or place to raise them. Cf. United States v. Ruzicka, 329 U.S. 287, 67 S.Ct. 207, 91 L.Ed. 290; United States v. Turner Dairy Co., 7 Cir., 1948, 166 F.2d 1, certiorari denied 335 U.S. 813, 69 S.Ct. 29, 93 L.Ed. 368.

Since it appears to my satisfaction that the order was duly issued pursuant to the provisions of the Act and that the continued violation thereof en-

dangers the national interests, I believe that this motion should be granted and that a preliminary injunction should issue pending the final determination of the enforcement proceedings.

This opinion incorporates findings of fact and conclusions of law.

Settle decree on notice.