**SEABOARD WORLD AIRLINES, INC., Plaintiff,**

v.

**John A. GRONOUSKI, Postmaster General, Defendant.**

**Civ. A. No. 1203-64.**

United States District Court
District of Columbia.

June 5, 1964.

Joel H. Fisher, Washington, D. C., for plaintiff.

John W. Douglas, Asst. Atty. Gen., Harlan F. Leathers and Irwin Goldbloom, Dept. of Justice, Washington, D. C., for defendant.

LEONARD P. WALSH, District Judge.

This matter comes before the court on a motion for a preliminary injunction on the part of plaintiff, Seaboard World Airlines, against the defendant, Postmaster General, in his official capacity. Plaintiff is certified by the Civil Aeronautics Board as a scheduled all-cargo and mail air carrier and operates no regularly scheduled passenger flights.

Plaintiff was granted authority in 1959 to carry various categories of United States Mail on its regularly scheduled overseas flights. The plaintiff alleges that this service has developed into a $4 million business during the preceding five years.

Seaboard seeks to enjoin the enforcement of a new policy, implemented by the Postmaster General on May 20, 1964, pertaining to the transportation of overseas air mail.

The Rules of the Post Office Department, prior to May 20, 1964, permitted the division of mail among certified air carriers to take into account various factors, such as departure and arrival times, regularity of performance, flexibility of schedules, and advantages of overseas connections. The policy permitted certain categories of mail to accumulate during periods in which combined passenger and cargo flights were departing until an all-cargo flight was departing.

On May 7, 1964, the Post Office promulgated rules, effective on May 20, 1964, which changed this policy. The new rules provide that all categories of mail will be routed abroad by the most expeditious air service, without regard to type of aircraft used.

Essentially, the effect of the new policy is to deprive the plaintiff of substantially all of its mail revenue, in that certain competing airlines fly at greater frequency using jet aircraft, whereas the plaintiff uses only turbine-powered cargo aircraft.

The plaintiff airline seeks to enjoin the Postmaster General from operating under the new policy on the assertion that the plaintiff was not accorded any of the procedural rights guaranteed by the Administrative Procedure Act under the so-called "rule-making" procedures of Section 4 (5 U.S.C. § 1003).

The defendant asserts that the court lacks jurisdiction over the subject matter; that there is no invasion of a legally protected right resulting in an irreparable injury; and, an injunction would be injurious to the public interest by delaying delivery of the mail.

■ Jurisdiction of this matter is granted by Section 10(a) of the Administrative Procedure Act, 5 U.S.C. § 1009 (a). The clear and unequivocal language of the statute states:

"(a) Any person suffering legal wrong because of any agency action, or adversely affected or aggrieved by such action within the meaning of

any relevant statute, shall be entitled to judicial review thereof."

Section 1009(e) (B) (4) of the Act further states that "(the Court shall) hold unlawful and set aside agency action \* \* \* found to be \* \* \* (4) without observance of procedure required by law; \* \* \* ".

Additional statutory authority is found in 28 U.S.C.A. § 1339:

"The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to the postal service."

It would therefore appear clear that if the defendant's action in setting forth a new policy violated the rule-making provisions of the Administrative Procedure Act, this court does have jurisdiction to grant relief.

■ Section 4 of the Administrative Procedure Act, 5 U.S.C. § 1003, prescribes certain procedures for rule making. Included therein is the requirement of publication in the Federal Register, or notice to interested parties; an opportunity to submit written data; and, certain other procedural safeguards. In addition, the statute makes provision for two exceptions for which these procedures are not required. The first is to "any military, naval, or foreign affairs"; and the second for "any matter relating to agency management or personnel or to public property, loans, grants, benefits, or contracts \* \* \* ".

The Government contends that the second exception is applicable in the instant case, that this new rule concerns the duties of the Post Office personnel. It is true that the Administrative Procedure Act does except any matter relating solely to the internal management of an agency. However, the policy involved here, although it is directed to the Post Office personnel, substantially affects outside parties and is therefore NOT subject to the exception.

The legislative history of the Act states that:

"The specification of activities that are involved in rule making is included in order to comprehend them beyond any possible question. They are defined as rules to the extent that, whether of general or particular applicability, they formally prescribe a course of conduct for the future rather than merely pronounced existing rights or liabilities." Report No. 752 of Committee on the Judiciary, 79th Congress, 1st Session.

Senator McCarran stated, on the Senate Floor, that the term "rule"—

"is defined as any agency statement of general applicability designed to implement, interpret, or prescribe law, policy, organization, procedure or practice requirements." Senate Doc. 248, 79th Congress, 2nd Sess., p. 306, Legislative History of the Administrative Procedure Act.

■ This Court is of the opinion that the new policy implemented by the Post Office has the force of prescribing a course of conduct which is binding on the defendant's agents and with which the plaintiff is required to comply. Thus, the new policy is a "rule" within the meaning of 5 U.S.C. § 1003, requiring certain procedures to be complied with before implementation.

The plaintiff first received notice of the new policy on May 8, 1964, in a letter dated May 5, 1964, signed by William J. Hartigan, Assistant Postmaster General. The letter explained that the new policy would become effective on May 20, 1964, and invited the airline representatives to a meeting on May 11, 1964, at which time certain officials of the Post Office would be "prepared to answer questions you may have \* \* \* ".

It is apparent that the requirements of the rule making provision of the Administrative Procedure Act were not followed in that there was no publication nor opportunity for interested persons to submit written data or briefs on the proposed change.

■ The Government asserts, and the Court agrees, that the plaintiff does not

 

have a "right" to carry the mail. Plaintiff is authorized to transport mail "whenever required by the Postmaster General", 49 U.S.C. § 1371(*l*). However, the plaintiff does have a right, conferred by Congress in the Administrative Procedure Act, to certain procedural safeguards before the Post Office can effect a new policy which so substantially affects the relationship between the carrier and the agency.

It is the opinion of this Court that the preliminary injunction should be granted. There is no question that irreparable injury has been sustained by the plaintiff in the loss of business—here asserted at the rate of $6,000.00 per day. The affidavit of Mr. Keith Halliday, Director of Mail Services for the Airlines, states that in the first seven days of operation under the new rule, the plaintiff carried only 18,621 pounds of Eastbound mail as compared with 72,807 pounds on the average each week during the preceding four months under the old rule.

This Court intimates no view as to the substantive value of the new policy. This is not the court's function. The injunction will be granted solely on the authority of the Administrative Procedure Act in that the required procedures were not followed.

Plaintiff cites Benson Hotel Corp. v. Woods, 8 Cir., 168 F.2d 694, in support of its motion. The language is clearly in point in that the injunction " * * * is not to determine any controverted right, but to prevent a threatened wrong or any further perpetuation of injury * * *".

The Court finds that the action of the Post Office Department in establishing the new policy for handling overseas air mail, which became effective on May 20, 1964, was not in accordance with the statutory procedures of the Administrative Procedure Act. Therefore, it is this 5th day of June, 1964,

Ordered, that plaintiff's motion for a preliminary injunction be, and the same hereby is, granted; and

Ordered, that the action of the Post Office Department as set forth above, be, and the same hereby is, set aside; and

It is further ordered, that the Defendant, John A. Gronouski, Postmaster General of the United States, his agents and employees of the Post Office Department, be, and they hereby are, restrained and enjoined from continuing the policy announced by the letter to plaintiff, dated May 5, 1964, and signed by William J. Hartigan, Assistant Postmaster General, which became effective on May 20, 1964; and the defendant will continue to operate under the rules and procedures for the division of air mail which were in effect prior to May 20, 1964, until further order of this Court, or, until this injunction is dissolved by competent authority;

And further ordered, that the plaintiff shall give an undertaking in the sum of $1,000.00 to the approved by the Court.