**NATIONAL ASSOCIATION OF LETTER CARRIERS, CLYDE KELLY BRANCH, NO. 84, PITTSBURGH, PENNSYLVANIA, Plaintiff,**

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

**Civ. A. No. 72–200.**

United States District Court, W. D. Pennsylvania.

Aug. 22, 1972.

Daniel W. Cooper, Gatz, Cohen, Segal & Koerner, Pittsburgh, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GOURLEY, Senior District Judge:

In this proceeding, plaintiff seeks injunctive relief to prevent defendant United States Postal Service from instituting and further implementing certain changes in scheduling of postal carriers engaged in multi-trip routes, which require the postal carrier to make more than one delivery per day over the same area. The Court has conducted a full and complete hearing and has considered the briefs and argument of counsel. It must be concluded that there is no basis for granting any injunctive relief.

The facts may be briefly stated. All multi-trip carriers from the Pittsburgh Post Office have until recently worked a five day schedule with Saturday as a fixed day off. This schedule existed on the basis of a national contract entered between plaintiff and defendant's predecessor, the United States Post Office Department, on February 9, 1968, and on the basis of a local agreement entered in conjunction therewith.

After the 1968 national contract had expired, the parties agreed on October 14, 1970, to extend its terms until superceded by a new national agreement. The extension specifically provided that it would operate, *concurrently* with the National Agreement, to maintain the viability of all national supplements and local agreements. The new National Agreement was entered July 20, 1971, although no local supplement or implementations have been agreed upon.

It is plaintiff's position that the old local agreement is still in effect. This is premised on 39 U.S.C.A. § 1203 which provides that all agreements in effect on August 12, 1970, would remain in effect until altered or amended. While plaintiff's argument is, at first blush appealing, it misses the mark. Plaintiff's position fails because it does not take into consideration that the old local agreement was only a supplement to the old national agreement. It seems clear to this Court that when the main national agreement was terminated and supplanted by a new agreement, the local agreements thereunder must likewise have been terminated. Thus, the new national agreement altered the effectiveness not only of the old national contract but also the local supplements as well. The extension agreement of October 14, 1970 lends weight to this position, since it provided that the local agreements would only be extended concurrently with the national agreements. This being the case, all rights provided in the old agreements were ended with the creation of the new national agreement. This view comports more logically with the requirement of 39 U.S.C.A. § 1203, and the altering or amending of the lo-

cal agreements took place when the new national agreement came into existence.

 Plaintiff has not shown how men previously working on a fixed day off would be irreparably injured by requiring them to work on a schedule with rotating days off. This is especially true in view of ongoing national level negotiations between the parties which will resolve local disputes such as that presented here. In the absence of showing irreparable harm, no injunctive relief should be issued. Warner Bros. Pictures v. Gittone, 110 F.2d 292 (3d Cir. 1940); Benson Hotel Corporation v. Woods, 168 F.2d 694 (8th Cir. 1948).

Findings of Fact and Conclusions of Law have not been separately stated but are included in the body of the foregoing Opinion as specifically authorized by Rule 52(a) of the Federal Rules of Civil Procedure.