**AMERADA PETROLEUM CORPORATION, Petitioner,**

v.

**FEDERAL POWER COMMISSION, Respondent.**

**No. 6395.**

United States Court of Appeals
Tenth Circuit.

Dec. 29, 1960.

Robert T. James, Tulsa, Okl., for petitioner.

Peter H. Schiff, Washington, D. C., for respondent.

Before PHILLIPS, HUXMAN and BREITENSTEIN, Circuit Judges.

HUXMAN, Circuit Judge.

Petitioner, Amerada Petroleum Corporation, herein called Amerada, has filed a petition for rehearing asking the court to reconsider its opinion and order of November 7, 1960, and upon rehearing to set aside the order and judgment dismissing its appeal. The court has considered the petition for rehearing and concludes that it should be denied and the judgment of the court should stand.

■ It is correct, as stated by Amerada, that the court rested its decision sustaining the motion to dismiss on a ground not presented by the motion to dismiss and erroneously based its decision on the ground that the Board did not act arbitrarily in refusing to ap-

prove petitioner's offer of compromise and settlement.[1] It is, however, a well established principle of law that a correct judgment will not be overturned merely because an untenable ground is assigned therefor. That principle applies equally to the judgments of the Circuit Court of Appeals as well as to those coming to it from the lower courts. For the purpose of clarifying the record, the original opinion is hereby withdrawn and this opinion is substituted as the opinion of the court.

This case is here on the motion of respondent, Federal Power Commission, to dismiss Amerada Petroleum Corporation's [2] petition to review and set aside an order of the Commission issued January 4, 1960, in a proceeding entitled, "In the Matter of Amerada Petroleum Corporation, Docket No. G–14421." [3] Amerada is a corporation organized under the laws of the State of Delaware and is engaged in the business of exploring for and producing and marketing oil and natural gas. It maintains its principal place of business in Tulsa, Oklahoma.

On December 31, 1957, Amerada entered into a long-term contract with United Gas Pipeline Company for the sale of Amerada's portion of the gas from a common pool owned jointly with Pan American Petroleum Corporation and some individuals holding minor interests. The new contract called for an initial price of 18½ cents per MCF. Prior to the execution of this contract, Amerada had terminated a short-term contract with the same purchaser and had sought permission from the Commission to discontinue the sale under such contract. Amerada states that this relief was sought to place it in a position of equality with Pan American which had been authorized to discontinue a similar short-term contract of sale to United and to commence a new sale from its share of the common stream of gas to American

---

1. That question goes to the merits and was not necessary to determine in considering the motion to dismiss.

2. Herein called Amerada.

3. The order was issued in proceedings designated by respondent as F.P.C. Docket Number G–14421.

Louisiana Pipe Line Company at a price of 18¼ cents per MCF. Upon failure to obtain the consent of the Commission to discontinue the sale to United under the short-term contract, Amerada transmitted the contract of December 31, 1957, to the Commission by letter dated January 10, 1958. The letter stated that the contract was filed as a new contract and "solely for the purpose of avoiding any penalty that might be incurred by failure to comply with the regulations of the Commission or the Natural Gas Act [15 U.S.C.A. § 717 et seq.]."

Thereafter, on February 10, 1958, the Commission issued its order suspending the effectiveness of the price provisions of the contract of December 31, 1957, until July 18, 1958. By order of March 21, 1958, the Commission denied a motion filed by Amerada to shorten the period of suspension. On October 19, 1959, Amerada filed with the Commission a petition for reconsideration of the Commission's order of February 10, 1958, and "Offer of Settlement." In its Offer of Settlement, Amerada offered to reduce the price of gas under the contract of December 31, 1957, from 18½ cents per MCF to 18¼ cents per MCF and offered to refund the excess of ¼ cent which it had been collecting from July 16, 1958, and to eliminate the price redetermination provision from the contract "upon the condition that the Commission's Order of Suspension issued February 10, 1958, be terminated and that the Commission allow said increased price of 18¼ cents per MCF to become effective as of July 16, 1958, without obligation to refund any part of said 18¼ cents." By order of January 4, 1960, entitled "Order Rejecting Offer Of Settlement And Denying Request To Terminate Proceeding," the Commission denied the petition for reconsideration. On February 1, 1960, Amerada filed a "Petition for Rehearing" of the Commission's order of January 4, 1960. On February 24, 1960, an order was entered rejecting the petition for rehearing. Amerada then filed in this court its petition to review and set aside the order of the Commission of January 4, 1960.

■■■ Upon further consideration, we agree with respondent that the order which Amerada seeks to review is interlocutory, and, therefore, not appealable. While it is not required to be reviewable that an order of the Commission be a final order, all the decisions make it clear that it must be a definitive order,[4] and must deal with the merits of a proceeding before the Commission. To be reviewable, an order must have an impact upon rights and be of such a nature as will cause irreparable injury if not challenged. The rule is well stated in Columbia Broadcasting System v. United States, 316 U.S. 407, 62 S.Ct. 1194, 1204, 86 L.Ed. 1563, where Chief Justice Stone said: "The ultimate test of reviewability is not to be found in an overrefined technique, but in the need of the review to protect from the irreparable injury threatened in the exceptional case by administrative rulings which attach legal consequences to action taken in advance of other hearings and adjudications that may follow, the results of which the regulations purport to control."

The Commission's order denying the offer of compromise required no affirmative action on Amerada's part; neither did it require Amerada to refrain from anything it might wish to do. Rejecting the offer of compromise and settlement did not deprive Amerada of the right to file a contract rate of 18¼ cents as a new rate and start collecting it. Paraphrasing the language of the Supreme Court in Columbia Broadcasting System v. Federal Power Commission, supra, permitting Amerada the right to review the

---

4. Federal Power Commission v. Metropolitan Edison Company, 304 U.S. 375, 58 S.Ct. 963, 82 L.Ed. 1408; Canadian River Gas Company v. Federal Power Commission, 10 Cir., 110 F.2d 350; Phillips Petroleum Co. v. Federal Power Commission, 10 Cir., 227 F.2d 470; Humble Oil & Refining Company v. Federal Power Commission, 5 Cir., 236 F. 2d 819; Atlantic Seaboard Corp. v. Federal Power Commission, 4 Cir., 201 F.2d 568.

order rejecting its offer of compromise and settlement, with the conditions attached, is not needed to protect it from irreparable injury threatened by the denial thereof because no injury follows. Inquiry into the reasonableness of Amerada's rates is still before the Commission and until that is determined, no injury to its rights can result. As above stated, we are, therefore, of the conclusion that the review sought is on an interlocutory order and not one of a definitive nature.

*The motion to dismiss the petition for review should be, and it is hereby sustained.* So as not to affect adversely the rights of any of the parties seeking to challenge this judgment, the judgment of the court is entered as of the date of the filing of this opinion.