**VALLEY VISION, INC., Petitioner,**

**v.**

**FEDERAL COMMUNICATIONS COMMISSION and United States of America, Respondents (two cases).**

**VALLEY VISION, INC., Petitioner,**

**v.**

**FEDERAL COMMUNICATIONS COMMISSION, Respondent.**

**Nos. 21869, 21870 and 21870–A.**

United States Court of Appeals
Ninth Circuit.

Aug. 27, 1968.

---

Lauren A. Colby (argued), Gennaro D. Caliendo, Washington, D. C., Halley, Head, LaForce & Moorad, Modesto, Cal., for petitioners.

John H. Conlin (argued), Koteen & Burt, Covington & Burling, Howard E. Shapiro, Acting Chief, App. Section, Henry Geller, Gen. Counsel, F. C. C., Wm. Fishman, Atty. F. C. C., Ramsey Clark, Atty. Gen. of U. S., Washington, D. C., for respondent.

Before HAMLIN, DUNIWAY and ELY, Circuit Judges.

DUNIWAY, Circuit Judge:

Valley Vision, Inc. (Valley) operates a community antenna television system (CATV) at Placerville, California. It began operations on September 30, 1966. It brings to its subscribers the signals of television stations in Sacramento, San Francisco, Modesto, and Chico, California. On February 17, 1967, the Federal Communications Commission issued an order directing Valley to show cause why it should not be ordered to cease and desist from extending the signals of distant TV stations in violation of sections 74.1105 and 74.1107 of the rules adopted by the Commission effective March 17, 1966. 2 F.C.C.2d 725; 47 C.F.R. §§ 74.1105, 74.1107 (1968).

On March 20, 1967, Valley filed a petition for reconsideration of the order to show cause. This was denied on March 30, 1967. In proceeding No. 21,869 before this court, Valley seeks review of that denial. The petition is brought under 47 U.S.C. § 402(a) and 28 U.S.C. § 2342.

After further proceedings, the Commission handed down a decision and cease and desist order on May 16, 1967. That order permits Valley to carry signals of Sacramento stations, but orders it to cease carrying others, particularly those of San Francisco, Modesto, and Chico stations. In proceeding No. 21,-870, before this court, Valley seeks review of that decision and order, again under 47 U.S.C. § 402(a) and 28 U.S.C. § 2342.

There being doubt as to the jurisdiction of this court, Valley also appealed under 47 U.S.C. § 402(b) to the Court of Appeals for the District of Columbia Cir-

cuit from the Commission's order of May 16, 1967. That court on September 6, 1967, ordered the appeal transferred to this court and it is now our No. 21,870–A. In ordering the transfer, the court said that it believed that it, rather than this court, had jurisdiction, but that it was ordering the transfer in deference to the policy expressed in 28 U.S.C. § 2112(a), and to avoid unseemly conflict.

Also before us is a motion by the Commission to dismiss Nos. 21,869 and 21,870, primarily on the ground that, under 47 U.S.C. §§ 402(a) and (b), exclusive jurisdiction is in the Court of Appeals for the District of Columbia, before which our No. 21,870–A was then pending. A further ground, as to No. 21,869 only, is that the order involved was interlocutory and encompassed within our No. 21,870.

On June 29, 1967, we stayed the effectiveness of the Commission's order pending determination of the merits of the petitions for review, citing our decision in Southwestern Cable Co. v. United States (FCC), [9 Cir.] 1967, 378 F.2d 118. On October 23, 1967, the Supreme Court granted certiorari in that case. 389 U.S. 911, 88 S.Ct. 235, 19 L.Ed.2d 258. On February 14, 1968, the present cases were argued, but we deferred submission until decision by the Supreme Court in Southwestern Cable Co. That case was decided June 10, 1968, United States v. Southwestern Cable Co., 392 U.S. 157, 88 S.Ct. 1994, 20 L.Ed.2d 1001.

On the merits, Valley makes three contentions: 1.) that the Commission has no statutory authority to regulate CATV; 2.) that the Commission has no authority to issue a cease and desist order against persons not licensed by it, such as Valley; and 3.) that assuming that the Commission has such authority, the exercise of that authority against Valley was arbitrary and capricious and deprived Valley of due process of law.

 The first question has been answered by the Supreme Court in *Southwestern Cable Co.*, supra, which holds that the Commission does have authority to regulate CATV. The case involved the same regulations as are here involved.[1] The other questions we do not decide, because we conclude that exclusive jurisdiction of these cases is in the Court of Appeals for the District of Columbia Circuit.

Section 402 makes it clear that jurisdiction of the District of Columbia Circuit over cases mentioned in subsection (b) is exclusive. Section 402(a) provides that "[a]ny proceeding to enjoin, set aside, annul, or suspend any order of the Commission * * * (except those appealable under subsection (b) of this section) shall be brought as provided by * * * [now chapter 158 of Title 28]." Subsection (b) provides, *inter alia*, for an appeal to the District of Columbia Circuit "(7) By any person upon whom an order to cease and desist has been served under section 312 of this title." The pertinent decisions hold or say, and we agree, that this remedy is exclusive.[2]

 Valley urges that the word "person" in subsection (b) (7) does not include a non-licensee of the Commission, such as Valley. This argument we reject, for several reasons.

First, assuming that the Commission does not have authority to issue a cease and desist order against a non-licensee under section 312, nevertheless, that is what the Commission has done. And we think that the Congress meant that such a decision is to be reviewed only by ap-

1. The Supreme Court remanded *Southwestern Cable Co.* to this court for further proceedings consistent with the opinion of that Court. That case is now pending in this court. We express no opinion as to any of the remaining issues in that case. The Supreme Court held that the Commission's order that was there involved was not a cease and desist order.

2. Rhode Island Television Corp. v. FCC, 1963, 116 U.S.App.D.C. 40, 320 F.2d 762; Functional Music, Inc. v. FCC, 1958, 107 U.S.App.D.C. 34, 274 F.2d 543, cert. denied, 361 U.S. 813, 80 S.Ct. 50, 4 L.Ed. 2d 81 (1959).

peal to the District of Columbia Circuit under section 402(b) (7). The word "person", in its natural meaning, covers anyone, licensee or not. It is defined in 47 U.S.C. § 153(i): "'Person' includes an individual, partnership, association, joint stock company, trust or association." In contrast, section 153(c) defines "licensee" as "the holder of a radio station license granted or continued in force under authority of this chapter." Congress must be presumed to have used the word "person" in § 402(b) (7) intentionally, and with the meaning given it in § 153(i).

Second, Valley's contention could produce unnecessary and confusing results. Thus, if this court were to hold that it does have jurisdiction because Valley is not a licensee, and also to hold, on the merits, that the Commission does not have authority to issue a cease and desist order against a non-licensee, presumably it would be our duty to set the order of the Commission aside. If, however, we held on the merits that the Commission does have such authority, would we not then be without jurisdiction to proceed further, remitting Valley to an appeal to the District of Columbia Circuit? And if the case were then heard in the Court of Appeals for that Circuit, would it be bound by our decision? These practical considerations lend support to our view that Congress intended that all attacks on cease and desist orders of the Commission, on whatever ground, must be by appeal to the District of Columbia Circuit under § 402(b) (7). We are no more in favor of unseemly conflict than is the Court of Appeals for the District of Columbia.

Third, the language of section 312 appears to give the Commission jurisdiction to issue a cease and desist order against a non-licensee. The power to issue such orders is conferred by § 312(b), which reads:

"(b) Where any person (1) has failed to operate substantially as set forth in a license, (2) has violated or

failed to observe any of the provisions of this chapter, or section 1304, 1343, or 1464 of Title 18, or (3) has violated or failed to observe any rule or regulation of the Commission authorized by this chapter or by a treaty ratified by the United States, the Commission may order such person to cease and desist from such action."

It will be noted that the section refers to "any person," not "any licensee," and that subdivisions (2) and (3) are, on their face, applicable to non-licensees. Moreover, section 312(c), dealing with procedure, requires service of an order to show cause "upon the licensee, permittee, or person involved." The order is required to call upon "said licensee, permittee or person" to appear and give evidence. If an order issues, the Commission shall cause it to be served on "said licensee, permittee, or person." We doubt that plainer language could be used, particularly in the light of the definitions in section 153(i) and (c) that we have quoted.

In the face of that language, we find Valley's venture into legislative history, where there was much talk about licensees, somewhat less than persuasive. It may be that Congress thought primarily about cease and desist orders against licensees. But the statute it enacted is not so limited, as it easily could have been. And none of the language that Valley quotes says that Congress did not intend that cease and desist orders could be issued against a non-licensee. Indeed, such a result would make little sense. If a person who should have a license but did not obtain one were to start doing what only a licensee can do, why should the Commission not be able to issue a cease and desist order against that person? If a person who is not required to be licensed violates a valid Commission regulation, why should the Commission not be able to issue a cease and desist order against that person? Cf. United States v. National Plastikwear Fashions, Inc., S.D.N.Y.1954, 123 F.Supp. 791.

Nor are the cases Valley cites of any help to it.[3] At most they contain general statements to the effect that section 402(b) deals with cases involving the Commission's radio-licensing power, or similar expressions. None deals with the question Valley raises. In two cases, the District of Columbia Circuit has upheld cease and desist orders against non-licensee CATV operators.[4] We think that where the statute appears to grant authority to the Commission to issue cease and desist orders against a non-licensee, a challenge to the order based upon a claim to the contrary is as much within section 402(b) (7) as any other challenge.

Valley also argues that section 402(b) was intended to apply only to cases in which the petitioner has sought some action or relief from the Commission, and that section 402(a) was intended to permit a person against whom the Commission initiates action to seek relief in a Circuit more convenient to him, i. e., the "circuit in which the petitioner resides or has its principal office" (28 U.S.C. § 2343). Again, legislative history is cited. But the dike that Valley sees (we incline to the view that it is a mirage) crumbled when the cease and desist power was given to the Commission by section 10 of the Communications Act Amendments of July 16, 1952, 66 Stat. 711, 716–717. That Act also amended § 402(b) by adding subdivision (7) (§ 14, 66 Stat. at 718–719). Surely a cease and desist order is not one sought by a person against whom it issues, whether he be a licensee or not; it results from proceedings initiated against him by the Commission.

The Commission's motion to dismiss our No. 21,869 rests upon different grounds. It urges that its February 16, 1967 order to show cause did nothing but institute the cease and desist proceeding, as required by § 312(c), and that its refusal to reconsider that order was interlocutory rather than "final" as required by 28 U.S.C. § 2342. While we are inclined to agree,[5] we dispose of the matter on another ground. The denial of reconsideration was but a step in the proceedings that led to the cease and desist order. Thus it was merely ancillary to the cease and desist order.[6] Whether separately reviewable or reviewable only on the appeal from the cease and desist order,[7] we think that jurisdiction is in the Court of Appeals for the District of Columbia. If the case should be dismissed, that court should do it.

Section 2112(a) of 28 U.S.C. authorizes us to transfer the pending matters to the Court of Appeals for the district of Columbia Circuit.

In our opinion, none of the views that we have expressed as to the meaning or effect of the statutes should be treated by that court as binding upon it, either as law of the case or res judicata or otherwise. That court, not this court, is the one to decide the cases, unfettered by deference to our views.

3. Rhode Island Television Corp. v. FCC, supra; Tomah-Mauston Broadcasting Co. v. FCC, 1962, 113 U.S.App.D.C. 204, 306 F.2d 811; Functional Music, Inc. v. FCC, supra; Jacksonville Journal Co. v. FCC, 1957, 101 U.S.App.D.C. 12, 246 F.2d 699; O'Neill Broadcasting Co. v. United States, 1956, 100 U.S.App.D.C. 38, 241 F.2d 443.

4. Buckeye Cablevision, Inc. v. FCC, D.C. Cir., 1967, 387 F.2d 220; Booth American Co. v. FCC, 1967, 126 U.S.App.D.C. 97, 374 F.2d 311. The precise question now presented was not expressly decided, however. Cf. C. J. Community Services, Inc. v. FCC, 1957, 100 U.S.App.D.C. 379, 246 F.2d 660, 664, which appears to hold against Valley's claims.

5. See FPC v. Metropolitan Edison Co., 1938, 304 U.S. 375, 58 S.Ct. 963, 82 L.Ed. 1408; Bethesda-Chevy Chase Broadcasters, Inc. v. FCC, D.C.Cir., 1967, 385 F.2d 967; Amerada Petroleum Corp. v. FPC, 10 Cir., 1960, 285 F.2d 737; Isbrandtsen Co. v. United States, 1954, 93 U.S.App. D.C. 293, 211 F.2d 51; cf. Southland Industries, Inc. v. FCC, 1938, 69 App.D.C. 82, 99 F.2d 117.

6. Helena TV, Inc. v. FCC, 9 Cir., 1959, 269 F.2d 30.

7. 5 U.S.C. § 704; Bethesda-Chevy Chase Broadcasters, Inc. v. FCC, supra; Helena TV, Inc. v. FCC, supra.

It is ordered that each of the cases (Nos. 21,869, 21,870 and 21,870–A) be transferred to the Court of Appeals for the District of Columbia Circuit. Our order staying the Commission's order shall remain in effect, but may be modified or revoked by the Court of Appeals for the District of Columbia Circuit when the cases are transferred to it.