**SIERRA CLUB et al., Plaintiffs,**
v.
**Rogers C. B. MORTON et al., Defendants.**
No. 51464.

United States District Court,
N. D. California.
Sept. 12, 1972.

James W. Moorman, John O. Hoffman, Barry A. Fisher, Sierra Club Legal Defense Fund, Inc., and Feldman, Waldman & Kline, Leland R. Selna, Jr., San Francisco, Cal., for plaintiffs.

James L. Browning, Jr., U. S. Atty., Rodney H. Hamblin, Paul E. Locke, Asst. U. S. Attys., San Francisco, Cal., for defendants.

MEMORANDUM OF DECISION

SWEIGERT, District Judge.

This is an action brought by the Sierra Club and others to restrain the commercial development of the so-called Mineral King area in Sequoia National Forest by Walt Disney Productions, Inc., which proposes to construct and maintain a recreational complex there under permits granted by the Forest Service of the Department of Agriculture. Plaintiffs also seek to enjoin the issuance of permits by the National Park Service of the Department of the Interior for the construction of a highway through the Sequoia National Park to the Disney complex.

On July 23, 1969, this court granted the plaintiffs a preliminary injunction in this action. An appeal followed and on September 16, 1970, the Court of Appeals reversed, holding (1) that the Sierra Club had no standing to bring the action, and (2) that plaintiffs were not likely to prevail on the merits.

An appeal from that decision was then taken and on April 17, 1972, the Supreme Court affirmed the Court of Appeals' decision that plaintiffs had not alleged sufficient injury to have standing to sue.

This court has subsequently allowed plaintiffs to amend their complaint to make further allegations concerning standing; and, to add certain additional parties; and, also, to add a third claim for relief under the National Environmental Policy Act (NEPA).

Defendants now move to dismiss the amended complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## THE LAW OF THE CASE ISSUE

Defendants move to dismiss the first and second causes of action upon the ground that the Court of Appeals, discussing its reasons for holding that a preliminary injunction should have been denied for lack of plaintiffs' likelihood of prevailing on those claims, has established the "law of the case" adversely to plaintiffs.

■ It is, however, a well-established general rule that the decision of a trial court or an appellate court, granting or denying a preliminary injunction, does not so establish the "law of the case" as to estop either the parties or the court from proceeding with the case on its merits. 7 Moore, Federal Practice (2d ed.) ¶ 65.21 at p. 1703; Benson Hotel v. Woods, 168 F.2d 694, 697 (8th Cir. 1948); accord, Ross Whitney Corp. v. Smith, Kline & French Laboratories, 207 F.2d 190, 199 (9th Cir. 1953).

Although the Court of Appeals opinion expresses the views of that court concerning plaintiffs' claims, it does so in the context of deciding whether plaintiff has shown such a likelihood of eventually prevailing as to warrant issuance of a preliminary injunction, expressly recognizing "that in appraising these issues, even upon a preliminary basis, our function is not to make an original judgment or to make a final decision on the merits." (Sierra Club v. Hickel, 9 Cir., 433 F.2d 24 at 33–34).[1]

We conclude, therefore, that notwithstanding the Court of Appeals' "handwriting on the wall," plaintiffs still have their right to proceed on the merits.

Defendants also move to dismiss plaintiffs' new third cause of action, alleged failure of defendants to comply with the requirements of 42 U.S.C. § 4332(2)(C)(D) (NEPA) for filing certain statements and making certain studies concerning the environmental impact of the proposed project.

■ Defendants contend that plaintiffs have failed to state a claim under NEPA because there is no allegation that defendants have commenced construction or issued permits for the project. Plaintiffs, however, alleging in their complaint that defendants, having solicited bids and having issued certain preliminary survey permits, have at least approved the proposed project, contend that NEPA requires compliance with its provisions as soon as the Government agency has reached a decision to proceed with the project, citing Calvert Cliffs Coordinating Committee v. AEC, 146 U.S.App.D.C. 33, 449 F.2d 1109 (1971); Guidelines of the President's Council on Environmental Quality, 36 Fed.Reg. 727 (April 23, 1971).

We conclude that plaintiffs' complaint is sufficient to raise the issue of defendants' compliance with NEPA. Further, defendants acknowledge their obligation to comply with all provisions of NEPA before proceeding further with the project (see Government's memorandum in opposition to plaintiffs' motion to amend the complaint, filed June 22, 1972, at p. 7).

For the foregoing reasons defendants' motion to dismiss the amended complaint should be, and the same is hereby, denied.

---

[1]. It should be noted that neither did this District Court in its ruling on preliminary injunction presume to rule on the merits—only that "plaintiff has raised questions concerning possible excess of statutory authority, sufficiently substantial and serious to justify a preliminary injunction pending trial of these issues on the merits or the further order of this court." (See Memorandum of Decision 7/23/69, District Court No. 51464, p. 13).